UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>GILBERT PEREZ )<br>)<br>AND )<br>)<br>CHEZNEY AUBERT, )<br>)<br>DEFENDANTS ) | CRIMINAL NO. 2:20-CR-39-DBH |

## PROCEDURAL ORDER AND PARTIAL RULING ON DEFENDANT AUBERT'S MOTION TO SUPPRESS

Both defendants in this case have moved to suppress evidence. The government implicitly acknowledges that an evidentiary hearing is necessary on the defendant Perez's motion, Gov't Response at 19 (ECF No. 79), and I find that a hearing is also needed regarding the defendant Aubert's motion to suppress statements she may have made. The Clerk's Office will schedule such a hearing once the pandemic allows safe resumption of in-court hearings.

But the government says that with respect to physical or documentary evidence seized in an August 30, 2019, encounter and search in Lawrence, Massachusetts involving a GMC Sierra pickup truck, I should deny the defendant Aubert's motion without a hearing.

With respect to the vehicle search, Aubert's moving paper says only that "she is believed to have been a passenger" in the truck, Aubert Mot. at 1 (ECF No. 72), and describes it as a "vehicle identified as a GMC pickup truck belonging

to [co]Defendant Perez," id. at 2. The First Circuit has held that "a person who is 'merely a passenger' does not have a reasonable expectation of privacy in a vehicle." United States v. Almeida, 748 F.3d 41, 47 (1st Cir. 2014). Aubert says nothing about her relation to items seized from the defendant Perez outside the truck. In responding to Aubert's motion, the government says the physical or documentary evidence all came from Perez or the truck, that Aubert was not the owner of the truck, had earlier been a passenger but was no longer in it when it was searched, and has "alleged no facts suggesting that her use of the vehicle exceeded 'casual possession.'" Gov't Response at 7-8.[1] Aubert has not responded to those assertions.

It is Aubert's burden to demonstrate that she had a privacy interest in the place that was searched. See United States v. Symonevich, 688 F.3d 12, 19 (1st Cir. 2012) ("The Fourth Amendment's protection against unreasonable searches may only be claimed where a defendant demonstrates that he or she personally has a reasonable expectation of privacy in the place searched."); see also id. (holding that when a defendant has not demonstrated such a privacy interest, "a vehicle search does not infringe upon the passenger's Fourth Amendment rights"). Aubert has failed to make that demonstration with respect to items seized from the truck and from Perez, and as to that evidence her motion will be denied without a hearing.

Finally, the government asks me to deny the motion insofar as it asks for suppression of "any and all search warrants that were based on evidence that is

---

[1] The government also asserts that the truck was registered to a housemate of the other defendant, the driver, Gov't Response at 2 n.1, but my decision does not rely on that assertion.

2

suppressed that relied on illegal [sic] obtained evidence." Aubert Mot. at 3; Gov't Response at 8.  That part of the motion will also be denied without a hearing.  Aubert's assertion is too vague to support any relief, both in failing to identify any such warrants and in failing to show Aubert's interest in what was searched.

Accordingly, the defendant Aubert's motion is **DENIED IN PART**, namely, so far as it concerns physical and documentary evidence seized on August 30, 2019, and other warrants.[2]  The other issues will await an evidentiary hearing.

**SO ORDERED.**

**DATED THIS 16TH DAY OF JULY, 2020**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] I note the government's assertion that it will not use in its case in chief any evidence against Aubert that was obtained during a stop on November 1, 2019.  Gov't Response at 5 n.3.  No action, therefore, is necessary on that part of Aubert's motion.

3